# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

THURSTON WALLER,                    )
                                    )
      Plaintiff,                   )
                                    )
v.                                  )    Case No.  CV606-70
                                    )
AMIE DEAL, *et al.*,                )
                                    )
      Defendants.                  )

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Hays State Prison, has submitted a complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff, however, is barred from proceeding *in forma pauperis* due to the three strikes provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit.  <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant.  <u>See</u> <u>Waller v. Rice</u>, 1:06-CV-1108-WSD, doc. 3 (N.D. Ga. May 22, 2006) (dismissing pursuant to § 1915A for failure to state a claim); <u>Waller v. Johnson</u>, 5:06-CV-123-CAR-CWH, doc. 4 (M.D. Ga. April 28, 2006) (dismissing as frivolous pursuant to § 1915A); <u>Waller v. Clemons</u>, 5:06-CV-113-WDO-CWH, doc. 8 (dismissing as frivolous pursuant to § 1915A); <u>Waller v. Hays State Prison</u>, 1:06-CV-1107-WSD, doc. 3 (N.D. Ga. May 22, 2006) (dismissing under §

2

1915A review for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a)).[1] These four cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Although plaintiff states in his complaint, "I fear for my well being [sic] daily because the prison system has different rules and regulations than the detention center," his entire claim is based on the assertion that his incarceration in a state prison rather than a detention center subjects him to a harsher sentence than ordered by the sentencing court. Doc. 2. This allegation does not meet the imminent danger exception of § 1915(g), and therefore plaintiff is not excused from paying the complete filing fee.

For the reasons stated above, plaintiff's motion to proceed without

---

[1] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted," and dismissal of a prior suit for failure to exhaust administrative remedies properly counts as a strike under § 1915(g). <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998).

prepayment of fees is **DENIED** and his complaint should be **DISMISSED** without prejudice.  If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

  **SO REPORTED AND RECOMMENDED** this _21st_ day of August, 2006.

            _____
            UNITED STATES MAGISTRATE JUDGE
            SOUTHERN DISTRICT OF GEORGIA