# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| THURSTON WALLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CV606-70 |
| AMIE DEAL, *et al.*, | ) ) ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Hays State Prison, has submitted a complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff, however, is barred from proceeding *in forma pauperis* due to the three strikes provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Waller v. Rice, 1:06-CV-1108-WSD, doc. 3 (N.D. Ga. May 22, 2006) (dismissing pursuant to § 1915A for failure to state a claim); Waller v. Johnson, 5:06-CV-123-CAR-CWH, doc. 4 (M.D. Ga. April 28, 2006) (dismissing as frivolous pursuant to § 1915A); Waller v. Clemons, 5:06-CV-113-WDO-CWH, doc. 8 (dismissing as frivolous pursuant to § 1915A); Waller v. Hays State Prison, 1:06-CV-1107-WSD, doc. 3 (N.D. Ga. May 22, 2006) (dismissing under §

1915A review for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a))._[1]_ These four cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Although plaintiff states in his complaint, "I fear for my well being [sic] daily because the prison system has different rules and regulations than the detention center," his entire claim is based on the assertion that his incarceration in a state prison rather than a detention center subjects him to a harsher sentence than ordered by the sentencing court. Doc. 2. This allegation does not meet the imminent danger exception of § 1915(g), and therefore plaintiff is not excused from paying the complete filing fee.

For the reasons stated above, plaintiff's motion to proceed without

---

[1] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted," and dismissal of a prior suit for failure to exhaust administrative remedies properly counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

3

prepayment of fees is **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 21st day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA